Below is an opinion of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

TERESA MARIE DAWALD,

Debtor.

Case No. 11-32286-pcm13

MEMORANDUM DECISION[1]

Linear Mortgage, LLC (Linear) filed a motion seeking relief under Fed. R. Civ. P. 60(b) from the court's order reopening this chapter 13[2] case. For the reasons explained below, the court will enter an order denying Linear's motion.

**Facts**

Teresa M. Dawald (Debtor) filed a chapter 13 petition in March of 2011. Debtor owned real property located at 14625 SE Taylor Court in Portland (the Property).

---

[1] This disposition is specific to this case and is not intended for publication or to have a controlling effect on other cases. It may, however, be cited for whatever persuasive value it may have.

[2] Unless otherwise noted, all references to chapters and sections are to the Bankruptcy Code, 11 U.S.C. § 101, et. seq.

Page 1 – MEMORANDUM DECISION

Shortly after confirmation of her 36-month chapter 13 plan, Debtor filed a Notice of Motion to Value Property Pursuant to 11 U.S.C. § 506 and Avoid Wholly Unsecured Lien in a Chapter 13 Case (the § 506 Motion).[3] The § 506 Motion sought to avoid a lien on the Property that was, at the time, held by Old Republic Equity Credit Services, Inc., Servicing Company for BAC Home Servicing (Old Republic). In September of 2011, the court entered an order avoiding Old Republic's lien.[4] The order provides "that if this case is dismissed or converted to one under Chapter 7, the lien avoided by this order shall be reinstated."[5]

In August of 2014, the chapter 13 trustee filed a motion to dismiss Debtor's chapter 13 case for missed plan payments in the total amount of $258.[6] On October 8, 2014, the court dismissed Debtor's case for missed plan payments after the chapter 13 trustee filed a statement that Debtor had not brought her plan payments current or requested a hearing on the motion to dismiss.[7]

In 2017, Old Republic assigned the debt owed by Debtor and its security interest in the Property to Linear.[8] Debtor thereafter made several payments to Linear but ultimately defaulted. Because Linear was threatening foreclosure, Debtor undertook efforts to refinance the debt.

---

[3] ECF No. 19.

[4] ECF No. 23.

[5] Id.

[6] ECF No. 50.

[7] ECF No. 53.

[8] Exhibit 1.

During early 2022, Debtor was directly communicating via email with Jason Crawford (Crawford), a portfolio manager with Linear, about the debt and her attempts to refinance.[9] Crawford was communicating with Debtor's mortgage broker via email during this same period.[10]

On April 19, 2022, Debtor, acting pro se, filed a motion to reopen her chapter 13 case and set aside dismissal (the Motion to Reopen).[11] In the letter attached to the Motion to Reopen, Debtor states that her attorney never told her about the trustee's motion to dismiss based on the $258 plan payment shortfall and she thought her chapter 13 case completed with a discharge. On April 20, 2022, the court entered an Order Setting Aside Dismissal, Reopening Case if Closed, and Fixing Time to File Motion to Reconsider (the Reopening Order).[12] The Reopening Order provides:

> The court may reconsider the entry of this order if an interested party files both (a) a motion for reconsideration, setting forth the specific grounds for such motion, within 21 days of the "Filed" date above, with the Clerk of Court, 1050 SW 6th Ave. #700, Portland, OR 97204, and (b) attaches a certification that copies of the motion were contemporaneously served on the debtor(s), Trustee, U.S. Trustee, and their respective attorneys.

No motion for reconsideration was timely filed.

---

[9] Exhibit 4.

[10] Exhibit H.

[11] Exhibit B.

[12] Exhibit C.

On April 22, 2022, Richard Parker (Parker or Debtor's counsel) filed a notice of appearance on behalf of Debtor.[13] On the same day, he sent Crawford an email notifying him that the court reopened Debtor's case on April 20, 2022.[14] The email recites, and Linear does not dispute, that Parker attached the Reopening Order to his email.[15] Linear did not receive the Motion to Reopen or the Reopening Order by mail like Debtor's other creditors because Linear was not included on the bankruptcy case mailing matrix.

On May 16, 2022, Linear contacted outside bankruptcy counsel about this matter.[16]

On August 31, 2022, the chapter 13 trustee made a docket entry requesting entry of a discharge order because Debtor had completed her plan payments.[17] On September 1, 2022, the court generated and docketed a notice informing Debtor that she had to complete certain additional requirements within 21 days for the court to enter a discharge order.[18] Debtor completed those requirements that same day.[19]

On September 22, 2022, Linear filed an objection to the Motion to Reopen (the Objection) and a declaration of Jason Crawford in support of that motion (the First Crawford Declaration). Debtor filed a response,[20] which was supported by declarations of Debtor and her

---

[13] ECF No. 60. The attorney who represented Debtor prior to the reopening of the case has retired from the practice of law.

[14] ECF No. 74, Declaration of Richard Parker, Exhibit 1.

[15] Id.

[16] Exhibit F.

[17] Exhibit A (ECF No. 66).

[18] Id. (ECF No. 67).

[19] Id. (ECF No. 68).

[20] ECF No. 73.

counsel.[21] Linear then filed a Supplemental Declaration of Jason Crawford (the Second Crawford Declaration).[22]

The court held a hearing on the Objection and determined that, because the Reopening Order had been entered and the 21-day period for reconsideration had expired, the Objection was untimely. The court entered an order overruling the Objection "without prejudice to any further motions on the same issue."[23]

On December 2, 2022, Linear filed the motion that is the subject of this memorandum decision – Creditor Linear Mortgage, LLC's Motion for Relief from a Judgment or Order (the Rule 60 Motion).[24] Debtor filed a response in opposition.[25]

**Analysis**

Linear moves for relief from the Reopening Order under Fed. R. Civ. P. 60, made applicable to bankruptcy cases with certain exceptions not applicable here by Fed. R. Bankr. P. 9024. Rule 60 provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

---

[21] ECF No. 74, 75.

[22] ECF No. 81.

[23] ECF No. 83.

[24] ECF No. 85.

[25] ECF No. 86.

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Linear relies on subsections (3) and (6) of Rule 60(b).[26]

I.  Linear Did Not File the Rule 60 Motion Within a Reasonable Time.

"A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the" order at issue. Fed. R. Civ. P. 60(c)(1). A court may deny a motion under Rule 60(b) even if it is filed within one year if the moving party unreasonably delayed seeking relief. In re Williams, 287 B.R. 787, 792 (9th Cir. BAP 2002) (finding 81-day delay in seeking relief from default judgment under Rule 60 was not reasonable). The Ninth Circuit Court of Appeals has held that the standard for determining whether a Rule 60(b)(1) motion is filed within a "reasonable time" requires a case-by-case analysis. See Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981). Such determination takes into

---

[26]  At the end of the Rule 60 Motion, Linear argues that Debtor is guilty of laches because her delay in seeking to reopen her case was unreasonable and prejudicial. The question currently before the court is not whether Debtor's case should have been reopened. The question is whether Linear has shown it is entitled to relief from the Reopening Order under the standard set forth in Rule 60. At the hearing on the Rule 60 Motion, Linear's counsel stated that the only issue to be decided was whether Linear received proper notice, thus acknowledging the narrow issue before the court.

consideration "the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." Id. (citations omitted). See also 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2866 (2012) (courts consider whether the party opposing relief has been prejudiced by the delay in seeking relief and whether the moving party had a good reason for failure to take appropriate action sooner).

The linchpin of Linear's argument is that Debtor was required to provide it with notice and/or service of the Motion to Reopen by United States mail.[27] The factual premise of the Rule 60 Motion, that Linear was entitled to mail service of the Motion to Reopen, is incorrect.

Section 350(b) states that a "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Fed. R. Bankr. P. 5010 governs the reopening of bankruptcy cases. That rule provides that a "case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Neither § 350 nor Rule 5010 requires service or notice of a motion to reopen. In re Menk, 241 B.R. 896, 914 (9th Cir. BAP 1999). "Although the reopening procedure prescribed by Rule 5010 requires a motion, it does not require that notice be given to anyone. Fed. R. Bankr. P. 5010. Nor does § 350(b) contain the talismanic mention of notice and hearing that connotes the statutory need to permit a contest." Id. The Reopening Order is a local bankruptcy form that is intended to be signed *ex parte* and provides a 21-day period for interested parties to seek reconsideration.

---

[27] Linear uses the terms "service" and "notice" interchangeably.

Page 7 – MEMORANDUM DECISION

Case 11-32286-pcm13    Doc 99    Filed 04/13/23

Linear argues in the Rule 60 Motion that § 342 and LBR 2002-1(b)(5) and (d)(1) required Debtor to provide notice and/or service by mail of the Motion to Reopen. The court disagrees.

LBR 2002-1(b)(5) does not exist in either the current version of the court's local bankruptcy rules (LBRs) or the version in effect on the date Debtor moved to reopen her case. On the date Debtor moved to reopen, LBR 2002-1(d)(1) provided:

> (d) General Noticing Procedures
>
> > (1) Notice of Motion or Application. A party required to serve a notice of motion or application must serve the notice, with the motion or application, **on the debtor and any creditors' committee**.

LBR 2002-1(d)(1) (emphasis added). LBR 2002-1(d)(1), where it applied, required service on the <u>debtor and any creditors' committee</u>; the LBR did not address service on a <u>creditor</u>. There is no LBR 2002-1(d)(1) in the current LBRs.

Turning to § 342, that provision provides:

> (a) There shall be given such notice as is appropriate, including notice to any holder of a community claim, of an order for relief in a case under this title.
>
> (b) Before the commencement of a case under this title by an individual whose debts are primarily consumer debts, the clerk shall give to such individual written notice containing—
>
> > (1) a brief description of—
> >
> > > (A) chapters 7, 11, 12, and 13 and the general purpose, benefits, and costs of proceeding under each of those chapters; and
> > >
> > > (B) the types of services available from credit counseling agencies; and
> >
> > (2) statements specifying that—
> >
> > > (A) a person who knowingly and fraudulently conceals assets or makes a false oath or statement

under penalty of perjury in connection with a case under this title shall be subject to fine, imprisonment, or both; and

(B) all information supplied by a debtor in connection with a case under this title is subject to examination by the Attorney General.

(c) (1) If notice is required to be given by the debtor to a creditor under this title, any rule, any applicable law, or any order of the court, such notice shall contain the name, address, and last 4 digits of the taxpayer identification number of the debtor. If the notice concerns an amendment that adds a creditor to the schedules of assets and liabilities, the debtor shall include the full taxpayer identification number in the notice sent to that creditor, but the debtor shall include only the last 4 digits of the taxpayer identification number in the copy of the notice filed with the court.

(2) (A) If, within the 90 days before the commencement of a voluntary case, a creditor supplies the debtor in at least 2 communications sent to the debtor with the current account number of the debtor and the address at which such creditor requests to receive correspondence, then any notice required by this title to be sent by the debtor to such creditor shall be sent to such address and shall include such account number.

(B) If a creditor would be in violation of applicable nonbankruptcy law by sending any such communication within such 90-day period and if such creditor supplies the debtor in the last 2 communications with the current account number of the debtor and the address at which such creditor requests to receive correspondence, then any notice required by this title to be sent by the debtor to such creditor shall be sent to such address and shall include such account number.

(d) In a case under chapter 7 of this title in which the debtor is an individual and in which the presumption of abuse arises under section 707(b), the clerk shall give written notice to all creditors not later than 10 days after the date of the filing of the petition that the presumption of abuse has arisen.

(e) (1) In a case under chapter 7 or 13 of this title of a debtor who is an individual, a creditor at any time may both file with the

Page 9 – MEMORANDUM DECISION

Case 11-32286-pcm13    Doc 99    Filed 04/13/23

court and serve on the debtor a notice of address to be used to provide notice in such case to such creditor.

> (2) Any notice in such case required to be provided to such creditor by the debtor or the court later than 7 days after the court and the debtor receive such creditor's notice of address, shall be provided to such address.

(f) (1) An entity may file with any bankruptcy court a notice of address to be used by all the bankruptcy courts or by particular bankruptcy courts, as so specified by such entity at the time such notice is filed, to provide notice to such entity in all cases under chapters 7 and 13 pending in the courts with respect to which such notice is filed, in which such entity is a creditor.

> (2) In any case filed under chapter 7 or 13, any notice required to be provided by a court with respect to which a notice is filed under paragraph (1), to such entity later than 30 days after the filing of such notice under paragraph (1) shall be provided to such address unless with respect to a particular case a different address is specified in a notice filed and served in accordance with subsection (e).
>
> (3) A notice filed under paragraph (1) may be withdrawn by such entity.

(g) (1) Notice provided to a creditor by the debtor or the court other than in accordance with this section (excluding this subsection) shall not be effective notice until such notice is brought to the attention of such creditor. If such creditor designates a person or an organizational subdivision of such creditor to be responsible for receiving notices under this title and establishes reasonable procedures so that such notices receivable by such creditor are to be delivered to such person or such subdivision, then a notice provided to such creditor other than in accordance with this section (excluding this subsection) shall not be considered to have been brought to the attention of such creditor until such notice is received by such person or such subdivision.

> (2) A monetary penalty may not be imposed on a creditor for a violation of a stay in effect under section 362(a) (including a monetary penalty imposed under section 362(k)) or for failure to comply with section 542 or 543 unless the conduct that is the basis of such violation or of such failure occurs after such creditor receives notice effective under this section of the order for relief.

11 U.S.C. § 342. Linear does not say upon which subsection of § 342 it relies. The court concludes that no provision of § 342 applies to require service by mail of a motion to reopen a bankruptcy case.

Subsection (a) of § 342 applies to notices of orders for relief, not motions to reopen.

Subsection (b) requires that the clerk of the court give certain notices <u>to a debtor</u> before commencement of a case.

By its terms, subsection (c)(1) of § 342 applies only where a debtor is otherwise required to give notice to a creditor and, even then, it does not require that the notice be given by mail. Similarly, subsection (c)(2) applies only where the Bankruptcy Code requires that a debtor provide notice to a creditor, and, even then, only if, within 90 days <u>before commencement of a voluntary case</u>, a creditor requests that the Debtor supply the Debtor with notice at a specific address.

Subsection (d) applies only in chapter 7 cases.

Subsections (e) and (f) of § 342 are not applicable because they apply where a creditor <u>files with the court</u> notice of the address to be used for notices in the case. There is no indication that Linear made any such filing.

Finally, "[s]ection 342(g)(1) defines the term 'effective notice' for purposes of a safe harbor from certain monetary penalties in section 342(g)(2)." 3 <u>Collier on Bankruptcy</u> ¶ 342.01.

In the Rule 60 Motion, Linear cites two cases, <u>In re Tillett</u>, 2010 Bankr. LEXIS 1342 (Bankr. E.D. Va. April 26, 2010) and <u>In re Foster</u>, 2004 Bankr. LEXIS 2704 (Bankr. D. Vt. March 4, 2004), in support of its argument that § 342 requires mail notice and/or service of a motion to reopen.

As stated above, the Bankruptcy Code provides that a case may be reopened to accord relief to the debtor. The debtor in Tillett moved to reopen her case to pursue damages against a creditor for violating the automatic stay. The court in Tillett decided that reopening the bankruptcy case could not afford the debtor any relief because she did not provide the creditor with notice of the commencement of the bankruptcy case at the address specified by the creditor in accordance with § 342(c)(2). As a result, § 342(g)(2) precluded the imposition of monetary penalties against the creditor for violating the automatic stay. Tillett does not stand for the proposition that § 342 requires mail notice or service of a motion to reopen a bankruptcy case.

Although Foster does support Linear's argument that mail service of a motion to reopen is required, it is neither persuasive nor binding on this court. In Foster, the court denied a motion to reopen based on the debtor's failure to direct service to the attention of an officer or agent of the creditor in accordance with Fed. R. Bankr. P. 7004. The court in Foster did not offer any analysis or explain the basis upon which it found Rule 7004 applicable. In addition, the only authority cited by the court was the following passage from Collier:

> There are no Code sections or Bankruptcy Rules that expressly require notice of a case reopening. Further, it does not appear that the filing of a motion to reopen, by itself, constitutes a contested matter within the meaning of Rule 9014, such that the service requirements of Rule 7004 are not applicable. However, the better course would be to serve the motion upon the United States trustee, any standing trustee in a chapter 12 or chapter 13 case, and any party who would be interested in participating, or be required to participate, in litigation should the motion be granted.

9 Collier on Bankruptcy ¶ 5010.02[5]. The Foster court's reliance on the Collier passage is puzzling, because the passage actually contradicts that court's conclusion that Rule 7004 service

of a motion to reopen is required.[28]  In addition, Foster is inconsistent with Menk, the Ninth Circuit BAP case discussed above, which the court finds much more thorough in its analysis.

Even if the court is wrong and Debtor was required to provide Linear with notice and/or service by mail of the Motion to Reopen, her failure to do so does not necessarily mean that Linear is entitled to relief under Rule 60(b).  The fundamental problem is that Linear did not seek relief under Rule 60 within a reasonable time after it received actual notice that Debtor's case had been reopened.

> Express notice is actual notice consisting of knowledge brought personally home while implied notice is knowledge imputed and charged because of the surrounding facts and circumstances, which would lead one to discover or learn the fact by exercising ordinary care.  "Implied notice," which is sometimes called "implied actual notice," is notice that is inferred from facts that a person had a means of knowing and that is thus imputed to that person; implied notice is also actual notice of facts or circumstances that, if properly followed up, would have led to knowledge of the particular fact in question.  "Implied actual notice," or notice that is inferred from the fact that a person had means of knowledge that it was his or her duty to use and that he or she did not use, is based upon the principle that a person has no right to shut his or her eyes or ears to avoid information, and then say that he or she has no notice, and that it will not suffice the law to remain willfully ignorant of a thing readily ascertainable by whatever party puts him or her on inquiry when the means of knowledge is at hand.  "Implied notice" is that notice that is inferred or imputed to a party by reason of his or her knowledge of facts or circumstances collateral to the main fact, of such a character as to put him or her upon inquiry, and that, if the inquiry were followed up with due diligence, would lead him or her directly to the knowledge of the main fact.

58 Am. Jur. 2d Notice § 5 (2012) (footnotes omitted).

The court finds that Linear knew, or should have known, of the Reopening Order on April 22, 2022, when it received the email from Debtor's counsel.  Linear does not dispute

---

[28] The court, and even Debtor's counsel, agrees that more service than is technically required would have been ideal.

Page 13 – MEMORANDUM DECISION

receipt of Parker's email on April 22, but argues that the email did not provide actual notice because it got caught in Linear's spam filter. Crawford testified that Linear's spam filter is very aggressive and he theorized that, because Parker's email address is a ".net" address, it was flagged and directed to his spam folder. However, Debtor's mortgage broker's emails were also stuck in Linear's spam filter despite her address being a ".com" address.[29] Crawford had prior knowledge that Linear's spam filter captured ordinary and legitimate emails. He, therefore, had a duty to exercise ordinary care and examine his spam folder. Crawford did not do so. In fact, he testified that he generally does not check his spam folder, relying instead on senders to follow up with him.

In any event, Linear unquestionably had notice that Debtor's case had been reopened no later than May 16, 2022, when it referred this matter to outside counsel. The court can discern, and Linear offered, no other explanation for Linear's decision to seek outside counsel than that Linear had learned that Debtor's case had been reopened no later than May 16, 2022.[30]

---

[29] Exhibit H, p. 8.

[30] Linear may have had express actual notice of the reopening of Debtor's case before May 16, 2022. Crawford's testimony has evolved over time on the point and Linear has never established the date on which it became aware of the reopening of Debtor's case. In the First Crawford Declaration he states that Linear did not receive notice of the Motion to Reopen. ECF No. 71. He does not, however, directly address when and how Linear obtained knowledge of the Reopening Order or the fact that Debtor's case had been reopened. In the Second Crawford Declaration, he states:

> I did not receive [Parker's] email on or about April 22, 2022 as it was caught in [Linear's] spam filter. It was not until I received and reviewed [Parker's October 14, 2022, Declaration filed in response to the Objection] that I was able to search my spam filter and locate the email.

ECF No. 81. At the hearing on the Rule 60 Motion, Crawford testified that could not remember when or how he first learned of the reopening of the case.

Between May 16 and September 22, 2022, when Linear filed the Objection, Debtor took all the steps necessary to obtain a discharge, including completing her plan payments, and the trustee completed his administration of the case.[31] It is true that, by May 16, the 21-day period for seeking reconsideration of the Reopening Order had expired, but the case was in a different procedural posture at that time. Linear provided no explanation for the 4-month delay in seeking relief from the Reopening Order and Debtor suffered prejudice as a result of that delay.

For the reasons stated above, the court finds that the Rule 60 Motion is untimely because Linear unreasonably delayed seeking relief from the Reopening Order. However, even if Linear timely filed the Rule 60 Motion, it has not shown that relief is warranted under the two subsections it invokes, Rule 60(b)(3) and (b)(6), for the reasons discussed next.

II. Linear Has Not Shown that Relief is Warranted Under Rule 60(b)(3)

To prevail under Rule 60(b)(3), the moving party must show that an order (here the Reopening Order) "was obtained through fraud, misrepresentation, or other misconduct that prevented the [moving party] from fully and fairly presenting its" case. In re Wylie, 349 B.R. 204, 213 (9th Cir. BAP 2006). The fraud, misrepresentation or misconduct alleged by the moving party "must not have been discoverable with the exercise of due diligence." Id. The standard of proof is clear and convincing evidence. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2860 (2012).

The fraud or misconduct relied on by Linear is Debtor's alleged failure to provide proper service and/or notice of the Reopening Motion. Linear argues that "it is clear that Debtor and her

---

[31] For purposes of resolving the matter currently before the court, the court is construing the Objection to be the functional equivalent of a motion for relief under Rule 60. The Objection did not, however, invoke Rule 60 – it merely objected to the reopening of Debtor's case even though the court reopened the case approximately five months earlier.

counsel purposefully failed to provide Linear with notice of the motion to reopen the case in an attempt to have the case discharged before Linear could be made aware of the Court's Order."[32] Linear's argument fails for a number of reasons.

First, the court has rejected Linear's argument that it was entitled to mail notice and/or service of the Motion to Reopen. Second, even if mail service of the Motion to Reopen was required, there is not clear and convincing evidence that the failure to provide such service rises to the level of fraud or misconduct. Debtor's counsel notified Linear's representative of the reopening of Debtor's case three days after Debtor filed the Motion to Reopen and two days after the court entered the Reopening Order. He also provided Linear with the Reopening Order itself, which clearly and conspicuously discloses when and how to seek reconsideration. Parker's act of sending the email directly to the specific person responsible for Debtor's account is inconsistent with the concept of a purposeful failure to provide notice amounting to fraud or misconduct. Finally, the evidence shows that Linear had the information necessary within its system to timely seek reconsideration of the Reopening Order. Linear's failure to exercise due diligence in discovering that information precludes relief under Rule 60(b)(3).

III. Linear Has Not Shown that Relief is Warranted Under Rule 60(b)(6)

Relief from an order for "any other reason" under Rule 60(b)(6) is "limited only to exceptional or extraordinary circumstances, and the moving party bears the burden of establishing the existence of such circumstances." In re Negrete, 183 B.R. 195, 197 (9th Cir. BAP 1995) (citing In re Martinelli, 96 B.R. 1011, 1013 (9th Cir. BAP 1988)). To be entitled to relief under Rule 60(b)(6), the moving party must establish extraordinary circumstances "suggesting that the party is faultless in the delay." Pioneer Inv. Servs. v. Brunswick Assocs.

---

[32] ECF No. 85.

Ltd. P'ship, 507 U.S. 380, 393 (1993). If the moving party is not faultless in the delay, relief must be sought under Rule 60(b)(1).[33] In re Rivera, 486 B.R. 574, 579 (BAP 1st Cir. 2013).

Relief under Rule 60(b)(6) is not warranted for two reasons. First, Linear does not identify any exceptional or extraordinary circumstances. The grounds relied upon by Linear for invoking Rule 60(b)(6) are the same as those discussed above – Debtor's alleged fraud or misconduct in failing to provide proper notice of the Motion to Reopen. Second, for the reasons discussed above, Linear is not faultless in the delay at issue.

### Conclusion

Linear failed to carry its burden to show it is entitled to relief under Rule 60(b)(3) or (b)(6) and the court will therefore deny the Rule 60 Motion. The court will prepare an order.

###

---

[33] Linear does not seek relief under Rule 60(b)(1).